United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-41616
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVERARDO AGUILAR-MARTINEZ, also known as Ricardo Acuna-Dominguez,
also known as Benito Acuna-Dominguez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-552-1
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Everardo Aguilar-Martinez appeals his guilty-plea conviction

of being found in the United States illegally.  He argues that,

under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738

(2005), the district court plainly erred in sentencing him under

a mandatory application of the Sentencing Guidelines.  Here, the

district court erred by imposing a sentence pursuant to a

mandatory application of the Guidelines.  See Booker, 125 S. Ct.

at 768; see also United States v. Mares, 402 F.3d 511, 520-21 &

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

n.9 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). However, because Aguilar-Martinez has not shown that his sentence likely would have been different absent a mandatory application of the Guidelines, his argument fails. See Mares, 402 F.3d at 521.

Aguilar-Martinez also argues that because this error is structural in nature, reversal is required without any plain-error analysis or at least that prejudice should be presumed. However, he correctly recognizes that this argument is foreclosed. See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005).

Aguilar-Martinez also argues that the penalty provisions of 8 U.S.C. § 1326(b) are unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). Aguilar-Martinez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Aguilar-Martinez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Aguilar-Martinez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.